Roland WHITE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–348.

Court of Criminal Appeals of Oklahoma.

Aug. 19, 1977.

Robert E. Walker, David M. Jordan, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, Roland White, hereinafter referred to as defendant, was charged in the District Court, Logan County, with two offenses, Case No. CRF–76–9, Possession of

Marihuana With Intent to Distribute, in violation of 63 O.S.1971, § 2–401, ¶ B 2; and, Case No. CRF–76–10, Cultivation of Marihuana, in violation of 63 O.S.1971, § 2–509, ¶ 1. He was tried by a jury and convicted; and, said convictions being subject to prior felony convictions, the jury in a bifurcated proceeding sentenced the defendant to ten (10) years' imprisonment for each charge, in accordance with 22 O.S. 1971, § 860 and 21 O.S.1971, § 51. The trial court then ordered the sentences to run consecutively. From said judgments and sentences he has perfected a consolidated appeal to this Court.

The defendant was arrested when county officers entered his home pursuant to a search warrant and seized marihuana found there. While there, one officer noticed four cans sitting in the window with small marihuana plants growing in them. These were also seized. All the materials seized were delivered to the Oklahoma State Bureau of Investigation Laboratory for testing and were determined to be marihuana.

■ The first assignment of error challenges in several ways the sufficiency of the evidence: The defendant contends that the State failed to establish his dominion and control over the contraband; that a chain of custody of the evidence was not properly proved; and, that the State failed to show that the substances seized contained tetrahydrocannabinol—the active ingredient in marihuana. None of these contentions has any merit.

The contraband was found in the bedroom closet of the defendant's home, and the growing plants were in the bedroom window. One officer testified that when he asked the defendant about the potted plants the defendant replied, "Oh, I'm just growing them for my own use." Clearly, there was sufficient evidence for the jury to find dominion and control.

■ The alleged defect in the chain of custody is the gap between the time the Deputy Sheriff delivered the marihuana to the OSBI Laboratory, and the time the State chemist received it for testing. We have previously addressed this question in *Trantham v. State*, Okl.Cr., 508 P.2d 1104 (1973), and in *Contu v. State*, Okl.Cr., 533 P.2d 1000 (1975), and the State's proof in this case was sufficient. The purpose of chain-of-custody evidence is to avoid any question of tampering. When the State has succeeded in reducing that question to a mere speculation, then it is proper to admit the evidence. Whatever negligible doubt may remain may go to the weight of the evidence, rather than render inadmissible that which is material and relevant.

With regard to the presence of tetrahydrocannabinol, we need only note that the testimony of the State chemist indicates that one of the tests he performed was a test for that substance, and that the test was positive.

■ The defendant's second assignment of error is equally without merit. He argues that since the bags of marihuana and the growing plants were seized in the same raid, the two charges arose from a single incident and, hence, it was improper to try him for both. This is truly frivolous. The charge of possession with intent to distribute was based on the marihuana in the closet, and the four potted plants were the basis of the cultivation charge. There was no duplicity involved. See special concurrence in *Dodson v. State*, Okl.Cr., 562 P.2d 916 (1977).

■ For the foregoing reasons, we find that the judgments in this case should be *AFFIRMED;* but, in the interest of justice we believe that the sentences should be *MODIFIED* to run concurrently, instead of consecutively. Therefore, the District Court of Logan County is hereby directed to correct the judgments and sentences herein to reflect that said sentences shall be made to run concurrently.

BUSSEY, P. J., concurs.